Filed 1/22/26  P. v. Santos CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096979 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F6857) |
| v. | |
| TIMOTHY MARVIN SANTOS, | |
| Defendant and Appellant. | |

Defendant Timothy Marvin Santos was originally sentenced in 2007.  His sentence included a term of 25 years to life under the original Three Strikes law, prior prison term enhancements under Penal Code section 667.5, subdivision (b),[1] and prior felony drug conviction enhancements under Health and Safety Code section 11370.2, subdivision (b). The Legislature subsequently limited the circumstances in which these enhancements

---

[1]  Undesignated statutory references are to the Penal Code.

1

apply,[2] and defendant appeals from the trial court's July 21, 2022 resentencing order pursuant to section 1172.75. In that resentencing, the trial court struck defendant's prior prison term and drug conviction enhancements, but left intact his sentence of 25 years to life under the original Three Strikes law. On appeal, defendant argues he is entitled to resentencing because: (1) the court did not apply the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act) to reduce his sentence; and (2) the resentencing was held in his absence in violation of his federal and state constitutional rights.

On March 14, 2024, we issued a published opinion affirming the judgment.

Defendant petitioned our Supreme Court for review. The Supreme Court granted review and deferred the matter pending consideration and disposition of a related issue in *People v. Superior Court (Guevara)*, S283305, or pending further order of the court.

On October 9, 2025, our Supreme Court issued *People v. Superior Court (Guevara)* 18 Cal.5th 838 (*Guevara*).

On December 17, 2025, our Supreme Court transferred the matter to this court, with directions to vacate our decision and reconsider the cause in light of *Guevara*. We vacated our opinion on December 22, 2025. Defendant filed a supplemental brief. We agree with defendant that *Guevara* requires us to remand for a new resentencing hearing. As such, we need not address the other basis on which he argues a new resentencing hearing is required.

## I. BACKGROUND

A.    *Factual Background*

In 2007, defendant was convicted of possession with intent to manufacture methamphetamine (count 1), conspiracy to manufacture methamphetamine (count 2), and

---

[2] *People v. McKenzie* (2020) 9 Cal.5th 40, 43; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.

four misdemeanor drug and child endangerment charges (counts 4-7). In a bifurcated proceeding, the court found true that defendant had been convicted of two or more serious or violent felonies under the former Three Strikes law, that he served three separate prison terms under section 667.5, subdivision (b), and that he had three separate prior convictions for controlled substance offenses under Health and Safety Code section 11370.2, subdivision (b).

The trial court sentenced defendant to a total term of 36 years to life in prison: 25 years to life under the former Three Strikes law for count 2, plus two years for prior prison term enhancements under section 667.5, subdivision (b), and nine years for the prior drug conviction enhancements under Health and Safety Code section 11370.2, subdivision (b). The court sentenced defendant to concurrent terms for the misdemeanors. The court also imposed but stayed an additional 25-year-to-life term for count 1 and an additional one-year prior prison term enhancement pursuant to section 654.

In July 2022, the trial court resentenced defendant in his absence to 25 years to life for count 2. The 25-year-to-life term for count 1 remains stayed.

B.      *Statutory Background*

This case involves the interplay between resentencing under section 1172.75 and the Reform Act. We will summarize the relevant provisions of both.

1.      *Section 1172.75*

Subdivision (a) of section 1172.75 provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Section 1172.75 creates a mechanism for resentencing individuals whose convictions are already final. First, the Secretary of the Department of Corrections and

3

Rehabilitation notifies the sentencing court of a person in its custody who is serving a prison term that includes an enhancement described in subdivision (a).  (§ 1172.75, subd. (b).)  The trial court then reviews the judgment and, if it determines the judgment includes an enhancement described in subdivision (a), "the court shall recall the sentence and resentence the defendant."  (*Id.*, subd. (c).)  The statute sets forth four parameters for resentencing.  (*Id.*, subd. (d).)  First, the resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (*Id.*, subd. (d)(1).)  Second, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (d)(2).)  Third, the court may take into consideration postconviction factors.  (*Id.*, subd. (d)(3).)  Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Id.*, subd. (d)(4).)  Section 1172.75 also requires the appointment of counsel and provides that the parties may waive a resentencing hearing.  (*Id.*, subds. (d)(5), (e).)

### 2. *The Reform Act*

"Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years."  (*People v. Conley* (2016) 63 Cal.4th 646, 651 (*Conley*).)  The Reform Act lessened the prescribed sentence for a third strike defendant whose current

4

offense is not a serious or violent felony. (*Id.* at p. 652.) "A defendant does not qualify for this ameliorative change . . . if his current offense is a controlled substance charge involving large quantities ([§ 1170.12], subd. (c)(2)(C)(i)), one of various enumerated sex offenses (*id.*, subd. (c)(2)(C)(ii)), or one in which he used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury (*id.*, subd. (c)(2)(C)(iii)). The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. (§ 1170.12, subd. (c)(2)(C)(iv)(I)-(VIII).) The Act provides that these disqualifying factors must be pleaded and proved by the prosecution. (§ 1170.12, subd. (c)(2)(C).)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. ([]§ 1170.126, subd. (a).) Under section 1170.126, 'within two years after the effective date of the act . . . or at a later date upon a showing of good cause,' such persons [could] file a petition for a recall of sentence before the trial court that entered the judgment of conviction. (*Id.*, subd. (b).) If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id.*, subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of

5

rehabilitation while incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.' (*Id*., subd. (g).)' " (*Conley, supra*, 63 Cal.4th at p. 653.)

## II. DISCUSSION

Defendant initially argued the trial court erred in sentencing him to 25 years to life because the trial court was required to sentence him under the current penalty provisions set forth in the Reform Act. In his supplemental opening briefing after transfer from our Supreme Court, defendant argues the case should be remanded to the trial court for another sentencing hearing under *Guevara*. In *Guevara*, the trial court had also recalled the defendant's sentence under section 1172.75 but "resentenced him on his third strike offense according to current law to a determinate term of eight years." (*Guevara, supra*, 18 Cal.5th at p. 850.) Our Supreme Court granted review to consider whether, by permitting recall and resentencing of indeterminate third strike sentences, section 1172.75 unconstitutionally amends section 1170.126. (*Guevara, supra*, at p. 850.) Our Supreme Court held that, "as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act." (*Ibid*.) Our Supreme Court remanded to the Court of Appeal with instructions to remand the case to the superior court to determine whether sentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety.' " (*Id.* at p. 878.) If it so determined, the superior court was to reimpose the indeterminate term. (*Ibid*.) "If the superior court does not determine that resentencing [defendant] would 'pose an unreasonable risk of danger to public safety,' and [defendant] is otherwise eligible under the Reform Act, the court shall resentence [defendant] pursuant to the revised penalty provisions of the Reform Act." (*Ibid*.) We remand for the trial court to conduct a new resentencing hearing consistent with *Guevara*.

## III.  DISPOSITION

Defendant's sentence is vacated, and the case is remanded to the trial court to conduct resentencing consistent with this opinion.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

KRAUSE, J.